IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24MC00063

IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE 8TH COMMERCIAL COURT OF FIRST INSTANCE IN ISTANBUL, TURKEY IN THE *MATTER OF ROYAL-FEN KIMYA TARIM LTD. V. AKBANK T.A.Ş.*

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT
OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

NOW COMES the United States of America, by and through, Dena J. King, United States Attorney for the Western District of North Carolina, and Gill P. Beck, Assistant United States Attorney, submits this Memorandum of Law in support of the Application for Order, pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from judicial authorities in Istanbul, Turkey for international judicial assistance to obtain certain financial records from Wells Fargo Bank, N.A.

**INTRODUCTION**

The request for international judicial assistance comes from the 8th Commercial Court of First Instance in Istanbul, Turkey. Specifically, the Court has issued a Letter of Request requesting judicial assistance to obtain financial records for use in the case captioned *Royal-Fen Kimya Tarim Ltd. v. Akbank T.A.Ş.*, Foreign Reference Number 2019/298. *See* Declaration of Assistant United States Attorney Gill P. Beck, Ex. 2 [hereinafter Beck Decl.] (Letter of Request received by the U.S. Attorney's Office on December 28, 2023).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Turkish Court is adjudicating actions taken in response to a request to cancel a transfer of funds made fraudulently to a recipient account held with Wells Fargo Bank, N.A. In order to make its determination, the Court is requesting information regarding status of

the transaction at the time of receipt of the alleged cancellation request, including the existence and, if any, amount(s) of any unpaid monies to the identified recipient account at that time.

The Turkish Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention].

The request was then transmitted to the U.S. Attorney's Office for the Western District of North Carolina for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

## ARGUMENT

**I.     THE HAGUE EVIDENCE CONVENTION**

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Turkey. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at

2

Case 3:24-mc-00063   Document 2   Filed 05/16/24   Page 2 of 9

https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited April 11, 2024) (the Hague Evidence Convention entered into force in Turkey on October 12, 2004).

When executing a Letter of Request, the Hague Evidence Convention requires a Requested Authority to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *Whitney v. Robertson*, 124 U.S. 190, 194 (1888) ("By the constitution, a treaty is placed on the same footing, and made of like obligation, with an act of legislation."). *See also Reid v. Covert*, 354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also repeatedly taken the position that an Act of Congress, which must comply with the Constitution, is on a full parity with a treaty").

## II.  STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES

Section 1782 authorizes a district court to order a person who "resides or is found" in that district to produce, testimonial, documentary, or physical evidence "for use in a proceeding in a foreign or international tribunal." *Id.* § 1782(a). The statute permits a court to direct that the evidence "be produced before a person appointed by the court," who would be empowered "administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782

3

Case 3:24-mc-00063   Document 2   Filed 05/16/24   Page 3 of 9

order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.* District courts have repeatedly appointed Department of Justice Attorneys to act as § 1782 commissioners pursuant to this provision for the purpose of rendering to render judicial assistance to foreign courts. *See, e.g.*, *In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g.*, *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241.

This Court is authorized to provide assistance to the Turkish Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a). *Accord In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988);

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is easily met. First, Wells Fargo Bank, N.A. "resides or is found in" the Western District of North Carolina because the company's subpoena processing center is located in Charlotte, North Carolina.[1] Second, the Letter of Request explains that the documents are "for use in a proceeding before a foreign tribunal" as such financial records are needed. *See* Beck Decl., Ex. 2. Third, the Letter of Request is made by the Turkish Court, *id.*, which is a "foreign or international tribunal," 28 U.S.C. § 1782(a).

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876.

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals and attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

---

[1] When executing requests for financial records, the Office of International Judicial Assistance's policies and procedures require that the request be executed in the district where the subpoena processing center is located for the particular financial institution.

5

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Turkish Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). Wells Fargo Bank, N.A. is not a party to the proceedings and the evidence held by Wells Fargo Bank, N.A. appears to be outside the jurisdictional reach of the Turkish Court because Wells Fargo Bank, N.A. is physically located in Charlotte, North Carolina and the Turkish Court has formally requested the assistance of the United States pursuant to the Hague Evidence Convention.

With respect to the second factor, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Turkish Court or the character of the proceedings. Additionally, this request was initiated by the Turkish Court and not by an independent party; therefore, the Turkish Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden,* 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015 (holding that because the Swedish court sought judicial assistance from the United States, the second *Intel* factor weighed in favor of disclosure.).

With respect to the third factor, because the requester is the Turkish Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Turkish discovery rules or to thwart the policies of Turkey. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). There is also nothing to support a conclusion that the request would thwart the policies of the United States. While the records and information sought by the Turkish Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-23, does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to Department of Justice attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782).

And with respect to the fourth factor, the Letter of Request seeks information regarding a request made to cancel one specific transaction which benefitted an identified recipient bank

account held with Wells Fargo Bank, N.A. and therefore would not be unduly intrusive or burdensome. *See, e.g.*, *In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) (holding that "no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored."); *In re Application of MTS Bank*, No. 17-21545-MC, 2017 WL 3276879, at *13 (S.D. Fla. Aug. 1, 2017) (holding "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden.") (internal quotations removed). *See also Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is intrusive or burdensome should not be assessed based on the 'discovery scope' available in a foreign proceeding. Few if any foreign jurisdictions permit the scope of discovery available in our courts.").

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Turkish Court.

## CONCLUSION

Attached to the Declaration of Assistant United States Attorney Gill P. Beck is the proposed subpoena that this office intends to serve (in substantially similar format) on Wells Fargo Bank, N.A. should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the records will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the 8th Commercial Court of First Instance in Istanbul, Turkey.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Gill P. Beck Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Respectfully submitted, this 16th day of May, 2024.

                                    DENA J. KING
                                    UNITED STATES ATTORNEY

                                  **s/Gill P. Beck**
                                  GILL P. BECK
                                  ASSISTANT UNITED STATES ATTORNEY
                                  N.C. State Bar No. 13175
                                  Room 233, U.S. Courthouse
                                  100 Otis Street
                                  Asheville, North Carolina 28801
                                  Phone:  (828) 271-4661
                                  Fax:  (828) 271-4327
                                  Email:  Gill.Beck@usdoj.gov